

**ORDERED in the Southern District of Florida on March 15, 2021.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In Re:

Omayra Noemi Rodriguez Ruiz,

    Debtor.
_____/

Case No. 21-11540-PDR

Chapter 7

### ORDER DENYING MOTION TO WAIVE FINANCIAL COUNSELING REQUIREMENT AND DISMISSING CASE

This matter came before the Court for hearing on March 4, 2021, on Omayra Noemi Rodriguez Ruiz's *Motion to Waive Requirement of Financial Counseling within 180 days of Filing for Bankruptcy.* (ECF No. 9). For the reasons below, this bankruptcy case is dismissed. However, since Ms. Rodriguez Ruiz was *never a debtor in this case*, this case does not constitute a "case of the debtor" for purposes of any subsequent bankruptcy petition that Ms. Rodriguez Ruiz may file.

Under 11 U.S.C. § 109(h)(1), "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency … an individual or group briefing … that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." However, under 11 U.S.C. § 109(h)(3), § 109(h)(1) does not apply to an individual who submits a certification that: "(i) describes exigent circumstances that merit a waiver of the [financial counseling requirement]; (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain [the counseling] during the 5–day period beginning on the date on which the debtor made that request; and (iii) is satisfactory to the court."

Omayra Noemi Rodriguez Ruiz filed a *pro se* Chapter 7 petition on February 7, 2021. (ECF No. 1). On February 17, 2021, she filed her request to waive the financial counseling requirement under 11 U.S.C. § 109(h)(1) because, due to her financial hardship, she was unable to pay for the courses. (ECF No. 9). Upon review and based on Ms. Rodriguez Ruiz's statements at the hearing, it is apparent that she has not met the second requirement of 11 U.S.C. § 109(h)(3). As a result, her motion must be denied, and her case must be dismissed.

However, the Court notes that its dismissal does not preclude Ms. Rodriguez Ruiz from filing a second case if she meets the filing requirements — including timely completion of credit counseling. Further, since Ms. Rodriguez Ruiz "has never been

a debtor," this case does not constitute a "case of the debtor." *See In re Calderon*, No. 06-10561, 2006 WL 871477, at *1 (Bankr. S.D. Fla. Mar. 8, 2006). So, for example, 11 U.S.C. § 362(c)(3), which applies to termination of the automatic stay "if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed," would not apply if Ms. Rodriguez Ruiz decides to file another bankruptcy petition within one year of the instant case. *See Calderon*, 2006 WL 871477, at *1. Accordingly, the Court **ORDERS**:

1. Debtor's *Motion to Waive Requirement of Financial Counseling within 180 days of Filing for Bankruptcy* (ECF No. 9) is **DENIED**.

2. This case is **DISMISSED** without prejudice.

3. All pending motions are **DENIED** as moot.

4. (If applicable) the trustee shall file a final report within 14 days of entry of this order.

5. The debtor shall immediately pay to the Clerk, U.S. Court, Federal Building, 299 E Broward Blvd, Room 112, Ft Lauderdale FL 33301, **$338.00** for the balance of the filing fee as required by Local Rule 1017−2(E). Payment must be made in cash, money order or cashier's or "official" check. Any funds remaining with the trustee shall be applied to this balance in accordance with the Bankruptcy Code and Local Rule 1017−2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

### 

Copies Furnished To: All parties in interest.